## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK & POPPER, INC.<br>2609 Mt Carmel Avenue<br>Glenside, PA 19038<br><br>                    Plaintiff,<br><br>v.<br><br>WESTERN WORLD INSURANCE COMPANY<br>300 Kimball Drive, Suite 500<br>Parsippany, NJ 07054<br><br>                    Defendant. | Case No. |

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, Patrick & Popper, Inc., by and through their undersigned counsel, hereby sue Defendant Western World Insurance Company, and in support thereof, avers as follows:

**I.   PARTIES**

1. Plaintiff, Patrick & Popper, Inc., is a Pennsylvania corporation with a principal place of business located at 2609 Mt Carmel Avenue, Glenside, PA 19038.

2. Defendant, Western World Insurance Company is a New Hampshire corporation, with a principal place of business located at 300 Kimball Drive, Suite 500, Parsippany, NJ 07054.

3. At all times material hereto, Defendant was not licensed but was in the business of, *inter alia*, issuing policies of insurance in the Commonwealth of Pennsylvania.

4. Defendant, in its regular course of business, issued to Plaintiff a policy of insurance, Policy No. NPP8753459 covering Plaintiff and their property located at 2609 Mt Carmel Avenue, Glenside, PA 19038. A true and correct copy of said policy is attached hereto as "Exhibit A."

5. At all times material hereto, Defendant was acting either individually or through its

duly authorized agents, servants, workmen or employees, who were acting within the course and scope of their employment and on the business of said employer.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. This Court has jurisdiction over Defendant because Defendant, directly or by an agent:

(a) transacts business in the Commonwealth of Pennsylvania;

(b) issues policies of insurance in the Commonwealth of Pennsylvania; and/or

(c) regularly does or solicits business in the Commonwealth of Pennsylvania;

(d) the cause of action arises from Defendant's contacts with the Commonwealth of Pennsylvania.

8. Venue is proper under 28 U.S.C. § 1391 because the events which give rise to this matter occurred in the Commonwealth of Pennsylvania, which is in this judicial district.

## III. CAUSES OF ACTION AND DAMAGES

9. On or about July 21, 2021, while said policy of insurance was in full force and effect, Plaintiff suffered a sudden and accidental direct physical loss due to a wind and hail storm, resulting in damage to the insured premises.

10. Notice of Plaintiff's covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of them under the policy of insurance issued by Defendant.

11. Defendant, despite demand for benefits under its policy of insurance, has failed and

refused to pay Plaintiff those benefits due and owing under said policy of insurance.

## COUNT I - BREACH OF CONTRACT

12. Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

13. Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

**WHEREFORE**, Plaintiff Patrick & Popper, Inc., demands judgment against Defendant, Western World Insurance Company.

## COUNT II - BAD FAITH

14. Plaintiff incorporates by reference herein the facts and allegations contained in the preceding paragraphs as though same were set forth herein at length.

15. Defendant has engaged in Bad Faith conduct toward Plaintiff and has treated Plaintiff unreasonably and unfairly with respect to its adjustment of Plaintiff's covered loss, in violation of 42 Pa.C.S.A. § 8371.

16. In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, Defendant, acting by and through its duly authorized agents, servants, workmen or employees, has engaged in the following conduct:

(a) in forwarding correspondence to Plaintiff and/or Plaintiff's representative, representing to Plaintiff and/or Plaintiff's representatives that their claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading.

(b) in failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

  (c) in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

  (d) in treating the Plaintiff with reckless indifference and disregard under the circumstances;

  (e) in not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim;

  (f) in interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiff.

17. Solely as a result of Defendant's bad faith misconduct as aforesaid, Plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by Defendant for Plaintiff's covered loss, and has incurred costs and other expenses in connection with said claim.

**WHEREFORE**, Plaintiff Patrick & Popper, Inc., demands judgment against Defendant, Western World Insurance Company, for punitive damages, counsel fees and costs, together with interest on Plaintiff's claim.

               **S. GALLANT LAW, P.C.**

            BY: */s/ Scott R. Gallant, Esquire*
              SCOTT R. GALLANT, ESQUIRE
              Attorney for Plaintiff
              Identification No. 69676
              One Penn Center, Suite 1270
              1617 John F. Kennedy Blvd.
              Philadelphia, PA 19103
              215-568-2900

Date: May 10, 2023

## VERIFICATION

The undersigned, having read the attached document, verifies that the within document is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the document is that of counsel and not of signer. Signer verifies that he/she has read the within document and that it is true and correct to the best of signer's knowledge, information, and belief. To the extent that the contents of the document are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

X _____
PATRICK DEACON ON BEHALF OF
PATRICK and POPPER, INC

FILE NO.: 7092